**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000903
18-APR-2019
07:50 AM**

NO. CAAP-17-0000903

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DIETRECH W. WASHINGTON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC111001255; CR. NO. 11-1-1255))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Dietrech W. Washington (**Washington**)
appeals from the Judgment of Conviction and Sentence (**Judgment**)
entered on November 22, 2017, by the Circuit Court of the First
Circuit (**Circuit Court**).[1] After a jury returned a partial
verdict of not guilty on Count 1 (Attempted Murder in the Second
Degree), guilty on Count 2 (Assault in the Third Degree), and a
communication that they were hung on Count 3 (Terroristic
Threatening in the First Degree), Washington entered a guilty
plea as to Count 3, pleading guilty to a reduced charge of
Terroristic Threatening in the Second Degree.

Washington raises a single point of error on appeal,
contending that the Circuit Court erred when it excluded any

---

[1] The Honorable Shirley M. Kawamura presided.

reference to the complaining witness's (**CW's**) mistaken belief that Washington was serious when, in March of 2011, Washington offered CW $5,000 to end their relationship and have no further contact with him, as well as excluded CW's stated reasons for rejecting the offer, which detailed her vision of her future with Washington. Washington only seeks relief as to his conviction on Count 2.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Washington's point of error as follows:

Washington contends that the Circuit Court reversibly erred when it excluded any reference to CW's rejection, five months prior to the incidents underlying the charges against Washington, of what she allegedly believed was a serious offer for $5,000 to end their relationship, because the evidence was admissible under Rule 609.1 of the Hawai'i Rules of Evidence (**HRE**).[2] The State's oral motion to exclude this evidence was based on relevance; the Circuit Court granted the motion without stating any other grounds.

---

[2] HRE Rule 609.1 provides:

**Rule 609.1 Evidence of bias, interest, or motive.**
(a) General rule. The credibility of a witness may be attacked by evidence of bias, interest, or motive.

(b) Extrinsic evidence of bias, interest, or motive. Extrinsic evidence of a witness' bias, interest, or motive is not admissible unless, on cross-examination, the matter is brought to the attention of the witness and the witness is afforded an opportunity to explain or deny the matter.

The Hawaiʻi Supreme Court has explained:

> An accused's right to demonstrate the bias or motive of prosecution witnesses is protected by the sixth amendment to the United States Constitution, which guarantees an accused, *inter alia*, the right to be confronted with the witnesses against him or her. [State v.] Balisbisana, 83 Hawaiʻi [109,] 115, 924 P.2d [1215,] 1221 [(1996)]. Indeed, the main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination*, . . . and the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination. Id. (quoting Delaware v. Van Arsdall, 475 U.S. 673, 678-79, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). Additionally, HRE Rule 609.1(a) (1993) provides that the credibility of a witness may be attacked by evidence of bias, interest, or motive. This court has established that bias, interest, or motive is always relevant under HRE Rule 609.1. State v. Levell, 128 Hawaiʻi 34, 40, 282 P.3d 576, 582 (2012) (quoting State v. Estrada, 69 Haw. 204, 220, 738 P.2d 812, 823 (1987)).

> When determining whether a defendant has been afforded his constitutional right to demonstrate bias or motive on the part of the complaining witness, the appropriate inquiry is whether the jury had sufficient information from which to make an informed appraisal of the complaining witness's motives and bias. Balisbisana, 83 Hawaiʻi at 116, 924 P.2d at 1222; see also Levell, 128 Hawaiʻi at 40, 282 P.3d at 582 (The appropriate inquiry is whether the trier of fact had sufficient information from which to make an informed appraisal of the witness's motives and bias.).

> Once this step has been satisfied, the court may then consider whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. See Levell, 128 Hawaiʻi at 40, 282 P.3d at 582 (Evidence of witness bias is relevant, and the trial court's discretion to exclude evidence under HRE Rule 403 only becomes operative after the threshold level of inquiry under the confrontation clause has been afforded.). As such, the second step is not triggered until the defendant is afforded the threshold level of inquiry under the confrontation clause; once this occurs, the trial court may conduct a balancing test to weigh the probative value of any additional motive evidence against its potential for undue prejudice. Id. at 39, 282 P.3d at 681 (The trial court's discretion becomes operative only after the constitutionally required threshold level of inquiry has been afforded the defendant. (quoting Balisbisana, 83 Hawaiʻi at 114, 924 P.2d at 1220)).

State v. Acacio, 140 Hawaiʻi 92, 98-99, 398 P.3d 681, 687-88 (2017) (quotation marks, brackets, emphasis, and alteration notes omitted).

Here, the Circuit Court erred in granting the State's motion based on relevance; evidence of bias or motive is always

relevant under HRE 609.1. Id. This error is, however, subject to a harmless error analysis, i.e., whether there is a reasonable possibility that the error may have contributed to the conviction. Levell, 128 Hawai'i at 41, 282 P.3d at 583.

Here, CW's testimony was central to Washington's case, as Washington's main theory of defense was that CW had motivation to lie because CW believed that Washington had mounting interest in another woman and that he did not intend to marry CW. CW was the only witness to the alleged assault charged in Count 2. There was other testimony that CW "thoroughly loved" Washington, that she was deeply invested in the relationship (e.g., CW tattooed Washington's first name in her pubic area), and that she wanted to have a family with him. However, Washington's contention that the excluded testimony might have persuaded the jury of the depth of CW's motivation and bias cannot be dismissed. Accordingly, we cannot conclude that the Circuit Court's error was harmless beyond a reasonable doubt.

Therefore, the Circuit Court's Judgment is vacated as to Washington's conviction and sentence on Count 2, and this case is remanded for a new trial on Count 2.

DATED: Honolulu, Hawai'i, April 18, 2019.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4